IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § | |
| as Broadcast Licensee of the May 17, 2014 | § | |
| Bellator 120: Rampage v. King Mo Fight Program, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| 1) MICKEY'S SPORTS BAR AND GRILL LLC, | § | |
| individually and d/b/a MICKEY'S SPORTS BAR | § | |
| AND GRILL; and | § | |
| 2) RICARDO MORRIS, individually and d/b/a | § | |
| MICKEY'S SPORTS BAR AND GRILL, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff G&G Closed Circuit Events, LLC ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants 1) Mickey's Sports Bar and Grill LLC, individually and d/b/a Mickey's Sports Bar and Grill ("Mickey's Sports Bar LLC"); and 2) Ricardo Morris, individually and d/b/a Mickey's Sports Bar and Grill ("Ricardo") (collectively "Defendants").

PARTIES

1. Plaintiff. G&G Closed Circuit Events, LLC, as Broadcast Licensee of the May 17, 2014 Bellator 120: Rampage v. King Mo Fight Program, is a foreign corporation. Plaintiff's business address is 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

2. Defendant Mickey's Sports Bar LLC Mickey's Sports Bar and Grill LLC is a Texas limited liability company doing business as Mickey's Sports Bar and Grill (the "Establishment") from its principal place of business located at 3758 S. Carrier Parkway, Suite

116, Grand Prairie, TX 75052. On the date of the Event (as defined herein), Defendant Mickey's

Sports Bar LLC:

    A.    held the license/permit issued by the Texas Alcoholic Beverage Commission for the Establishment located at 3758 S. Carrier Parkway, Suite 116, Grand Prairie, TX 75052;

    B.    owned and/or operated the Establishment;

    C.    had a right and ability to supervise the activities of the Establishment; and

    D.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant Mickey's Sports Bar LLC may be served by delivering the *Summons* and a copy of

*Plaintiff's Original Complaint* to its registered agent for service of process, Raymond L. Thomas

at 3758 S. Carrier Parkway, Suite 116, Grand Prairie, TX 75052.

    3.    <u>Defendant Ricardo.</u>  Ricardo Morris is an individual residing in the State of

Texas.  On the date of the Event (as defined herein), Defendant Ricardo:

    A.    was an owner and/or manager of the Establishment;

    B.    was an officer and/or owner of the entity owning the Establishment;

    C.    had a right and ability to supervise the activities of the Establishment; and

    D.    had an obvious and direct financial interest in the activities of the Establishment.

Defendant Ricardo may be served by delivering the *Summons* and a copy of *Plaintiff's Original*

*Complaint* to Defendant at 3758 S. Carrier Parkway, Suite 116, Grand Prairie, TX 75052; or at

704 Spicewood Drive, Desoto, TX 75115; or at 2876 Westover Drive, Grand Prairie, TX 75052.

S<span style="font-variant:small-caps">TATEMENT OF</span> J<span style="font-variant:small-caps">URISDICTION</span>

    4.    This action arises under the Communications Act of 1934, as amended, 47 U.S.C.

§§ 553 and 605.

VENUE

5.      Venue is proper in this District because Defendants reside in this District.

STATEMENT OF THE CLAIM

6.      Authorization to License Event.  Plaintiff is the license company authorized to sub-license the closed-circuit telecast of the May 17, 2014 Bellator 120: Rampage v. King Mo Fight Program, including undercard or preliminary bouts[1] (collectively the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

7.      The closed-circuit broadcast of the Event was not intended for the use of the general public.  In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if the establishment was contractually authorized to do so by Plaintiff.

8.      Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it.  Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

9.      Exhibition of the Event.  The transmission of the Event originated via satellite and was electronically coded or "scrambled."  In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

10.     The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment.  Had Defendants chosen to purchase the Event, Defendants would have been authorized to receive, transmit, and publish the Event in the Establishment.

---

[1]  One of the bouts for the Event included the fight between Quinton Rampage Jackson and Muhammed King Mo Lawal.

Defendants did not, however, contract with Plaintiff or any of its agents to obtain the rights to broadcast the Event.

11.     The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

12.     On May 17, 2014, Defendants willfully intercepted and/or received the interstate communication of the Event.  In the alternative, Defendants assisted in the receipt of the interstate communication of the Event.  Defendants then transmitted, divulged, and published said communication, or assisted in transmitting, divulging, and publishing said communication, to patrons within the Establishment.

13.     Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14.     Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

15.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16.     Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## COUNT I

### VIOLATION OF 47 U.S.C. § 553

17.     Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553.

## COUNT II

### VIOLATION OF 47 U.S.C. § 605

18.     Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605.

### DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants 1) Mickey's Sports Bar and Grill LLC, individually and d/b/a Mickey's Sports Bar and Grill; and 2) Ricardo Morris, individually and d/b/a Mickey's Sports Bar and Grill, jointly and severally, for:

(a)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b)     Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c)     Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d)     Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e)     Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(f)     Pre and post-judgment interest at the highest rate permitted by law; and

(g)     Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,


By: _____
     David M. Diaz
     Attorney-in-charge
     State Bar No. 24012528
     ddiaz@kbdtexas.com
     Andrew R. Korn
     State Bar No. 11683150
     akorn@kbdtexas.com


THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Facsimile

ATTORNEYS FOR PLAINTIFF
G&G CLOSED CIRCUIT EVENTS, LLC